IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE M. FOURNERAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-20-377-C |
| ) | |
| DONALD KNIGHT, ESQ., P.C. a ) | |
| Colorado Professional Corporation; ) | |
| DONALD KNIGHT, ex rel Richard ) | |
| Eugene Glossip and THE HONORABLE ) | |
| KEVIN STITT, Governor of Oklahoma, ) | |
| ) | |
| Defendants, ) | |

## **O R D E R**

Plaintiff has issued subpoenas to various entities. Defendants believe the subpoenas are improper and have moved to quash them. Defendants also have moved to expedite the Court's consideration of the Motion to Quash because the time for compliance with the subpoena occurs prior to the time Plaintiff's Response to the Motion to Quash is due. The Court has reviewed the subpoenas and the Motion to Quash. The Court is persuaded that Plaintiff's issuance of the subpoenas is premature and that they must be quashed. As Defendants note, Fed. R. Civ. P. 26(d)(1), states "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . .." Additionally, LCvR 26.3 states "Subject to the exceptions set forth in subsections (b) and (c) of this rule, if a motion has been made pursuant to Fed. R Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case." As there are Motion to

Dismiss pending, the subpoenas issued by Plaintiff violate Rule 26 and the Local Rule. Accordingly, the subpoenas must be quashed. If appropriate, Plaintiff may reissue the subpoenas after the Court rules on the Motions to Dismiss.

As set forth more fully herein, Defendants' Motion to Quash (Dkt. No. 18) and Motion to Expedite (Dkt. No. 19) are GRANTED.

IT IS SO ORDERED this 6th day of August, 2020.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge