IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE M. FOURNERAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-20-377-C |
| ) | |
| DONALD KNIGHT, ESQ., P.C. a ) | |
| Colorado Professional Corporation; ) | |
| DONALD KNIGHT, ex rel Richard ) | |
| Eugene Glossip and THE HONORABLE ) | |
| KEVIN STITT, Governor of Oklahoma, ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action requesting declaratory and injunctive relief. The precise nature of Plaintiff's request is difficult to decipher, as the majority of the Complaint is little more than a disjointed collection of conclusory statements. It is clear that Plaintiff requests the Court to enter a declaratory judgment requiring Defendant Knight to disclose to an Oklahoma court certain evidence Plaintiff argues is exculpatory in a criminal case where Defendant Knight represents the defendant.

Defendant Stitt and Defendant Knight have filed Motions to Dismiss, to which Plaintiff has responded. After consideration of the Motions and Responses, the Court finds this matter must be dismissed, as Plaintiff lacks either constitutional or prudential standing to pursue his claims. Alternatively, the Court finds Plaintiff has failed to plead facts demonstrating a cognizable cause of actions exists.

To establish constitutional standing Plaintiff must allege facts demonstrating:

> (1) "injury in fact," by which we mean an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, by which we mean that the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision, by which we mean that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative.

Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla., 508 U.S. 656, 663-64 (1993) (internal citations and quotation marks omitted). The doctrine of prudential standing also has three elements. They are:

> First, a plaintiff generally must assert its own rights, rather than those belonging to third parties. Second, a generalized grievance shared by a large class of citizens normally does not warrant a federal court's exercise of jurisdiction. Third, the interests which a plaintiff seeks to protect must arguably [be] within the zone of interests to be protected by the statute or constitutional guarantee.

Sac & Fox Nation of Missouri v. Pierce, 213 F.3d 566, 573 (10th Cir. 2000) (internal citations and quotation marks omitted). Plaintiff fails to plead facts satisfying either standing requirement. As noted above, the gist of Plaintiff's claim appears to be that he is aware of the existence of exculpatory evidence that is not being used in a criminal case. Plaintiff is not a party in that case, nor does he represent a party in that case. Thus, Plaintiff has not shown he has suffered an "injury in fact" or that he is asserting

his own rights. Consequently, Plaintiff lacks standing to bring the present action and the matter will be dismissed.

Alternatively, the Court finds the matter should be dismissed for failure to comply with Fed. R. Civ. P. 8. "The purpose of a modern complaint is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." Monument Builders of Greater Kansas City, Inc., v. Am. Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir.1989) (quotation marks and citation omitted). While Rule 8 only requires a short and plain statement showing entitlement to relief, the Complaint must still "give the defendants notice of the theory under which their claim is made." Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008). As noted above, Plaintiff's First Amended Complaint is so convoluted and incomprehensible that it fails to demonstrate any entitlement to relief. Indeed, Plaintiff's First Amended Complaint is analogous to the Tenth Circuit's description of the complaint in Whitehead v. Shafer, 295 F. App'x 906 (10th Cir. 2008). The circuit stated, "The complaint recites an array of statutory and common-law causes of action with little, if any, connection to the factual allegations. Indeed, the factual allegations themselves are sufficiently confusing and disjointed so as to render the legal claims incomprehensible." Id. at 908. Because the First Amended Complaint fails to fairly apprise Defendants of

the legal theory on which it is based, and does not demonstrate a cognizable claim for relief, it must be dismissed.

In his Response to Defendant Knight's Motion to Dismiss, Plaintiff improperly requests leave to file a second amended complaint. See LCvR7.1(c) ("A response to a motion may not also include a motion or a cross-motion made by the responding party."). Despite the impropriety, the Court has considered the allegations of the proposed Second Amended Complaint as Plaintiff argues they address the failures of his First Amended Complaint. After review, the Court determines that the proposed Second Amended Complaint suffers from the same fatal flaws as the First Amended Complaint. Indeed, there appears to be little material difference between the two documents. The proposed Second Amended Complaint does not plead facts demonstrating Plaintiff has either constitutional or prudential standing to pursue the claims outlined therein. Likewise, the proposed Second Amended Complaint continues to offer little more than an array of disjointed facts and legal arguments with no discernible cognizable cause of action. Accordingly, the Court finds that filing the Second Amended Complaint would be futile, as it too would be subject to dismissal. See Bauchman for Bauchman v. W. High School, 132 F.3d 542, 562 (10th Cir. 1997). Because Plaintiff cannot overcome the flaw noted herein, the Court finds that dismissal of the action with prejudice is warranted. See Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010).

As set forth more fully herein, Defendant Governor Kevin J. Stitt's Motion to Dismiss (Dkt. No. 11) and the Motion to Dismiss on Behalf of Defendants Donald Knight and Donald R. Knight Esq. P.C. (Dkt. No. 16) are GRANTED. Plaintiff's Application for Leave to Amend (Dkt. No. 23) is DENIED. This matter is DISMISSED with prejudice. A separate judgment will issue.

IT IS SO ORDERED this 10th day of September, 2020.

ROBIN J. CAUTHRON
United States District Judge